**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02656-RM-SKC

KATRINA BAGWELL and LUKE BAGWELL,

        Plaintiffs,

vs.

BOSTON SCIENTIFIC CORPORATION,

        Defendant.

## JOINT STATUS REPORT

Plaintiffs Katrina Bagwell and Luke Bagwell ("Plaintiffs") and Defendant Boston Scientific Corporation ("Boston Scientific"), through their undersigned counsel, provide this status report in advance of the telephonic status conference before Magistrate Judge S. Kato Crews on October 21, 2020 at 10am, as set by the Court's September 18, 2020 Minute Order [ECF No. 52].

### Background & Procedural History

This is a product liability case involving pelvic mesh. Ms. Bagwell alleges she suffered injury as a result of a pelvic mesh product implanted in her that was manufactured and sold by Boston Scientific and asserts claims for: (1) Negligence; (2) Strict Liability – Design Defect; (3) Strict Liability – Manufacturing Defect; (4) Strict Liability – Failure to Warn; (5) Breach of Express Warranty; (6) Breach of Implied Warranty; (7) Loss of Consortium; (8) Discovery Rule and Fraudulent Concealment; and (9) Punitive Damages. Mr. Bagwell asserts a loss of consortium

claim. Boston Scientific disputes Plaintiffs' claims and denies that its product was defective in any way or caused the injuries alleged in this case.

On October 8, 2013, the case was directly filed in the United States District Court for the Southern District of West Virginia, MDL 2326 ("MDL"), 2:12-md-2326, one of seven MDLs assigned to United States District Judge Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation. [ECF No. 1]. The case was transferred to the District of Colorado on September 1, 2020. [ECF No. 43].

While the case was before Judge Goodwin, the parties engaged in case-specific discovery. Five case-specific depositions were taken in 2019 – including Ms. Bagwell, Mr. Bagwell, Ms. Bagwell's revising surgeon, and one expert from each side. The parties were unable to depose the implanting surgeon, as she was abroad. Boston Scientific served written discovery on Plaintiffs and received a response in January 2019. Boston Scientific has collected Ms. Bagwell's medical records from her surgery and revision and continues to collect medical records relevant to this case.

In the MDL, several *Daubert* motions were filed and the court issued orders on those motions. The parties have jointly designated those orders as part of the record upon transfer to the District of Colorado. [ECF No. 41, 42]. On May 13, 2019, Boston Scientific filed a Motion for Summary Judgment, and on May 28, 2019, the Plaintiffs filed their response. That motion was not ruled upon prior to transfer.

**Status & Next Procedural Steps**

1.     **Status of Discovery and Pending Dispositive Motion**

Other than the deposition of the implanting surgeon that the parties were unable to take due to her absence from the United States, no further discovery is required in this case. Additionally, there are no further dispositive or discovery motions requiring a ruling in this case, other than the motion for summary judgment [EFC No. 38].

Because Boston Scientific filed its original Motion for Summary Judgment [ECF No. 38] and Plaintiffs filed their response [ECF No. 39] when the case was pending in the United States District Court for the Southern District of West Virginia as part of the MDL, the summary judgment briefing does not conform to Judge Moore's practice standards for motions for summary judgment.

Specifically, Judge Moore's Practice Standards require a "[s]eparate statement of undisputed material facts in support of the motion" to be displayed "[i]n a four-column format" listed in "numerical sequence with a "second column followed by the evidence that establishes those undisputed facts in that same column." Practice Standards (Civil cases), Judge Raymond P. Moore § IV.C.2.c.2. For the responsive brief, Judge Moore requires a "[s]eparate statement of undisputed material facts in opposition to motion for summary or partial summary judgment" that must be in a "four-column format." *Id.* at § IV.C.2.d.2 ("The first two columns shall contain the exact information contained in the moving party's separate statement of undisputed material facts. In the third column, the response must state whether the fact in that row is 'disputed' or 'undisputed'… the third column of that row, the nature of the dispute and set forth the evidence that supports the position that the fact is controverted…[and] any additional material fact which it

contends is undisputed."). Judge Moore's practice standards also contemplate a reply where the moving party must submit the statement of undisputed material facts in a "four-column format" with the "exact information contained in the opposing party's separate statement of undisputed material facts" in the first three columns and a fourth column stating "whether the fact in that row is 'disputed' or 'undisputed.'" *Id.* at § IV.C.2.e.2

These Practice Standards for summary judgment are designed to provide this Court with the information it needs in the form that it will find most useful in evaluating such motions. It is Boston Scientific's position that it should be permitted to re-submit its Motion for Summary Judgment and Plaintiffs their response in conformity with Judge Moore's practice standards. Denial without prejudice and permission to refile will provide this Court with Boston Scientific's motion in conformity with Judge Moore's practice standards, and the response and reply will provide the Court with a full view of both parties' views on the undisputed facts that the parties' current submissions do not provide.

Accordingly, to give Boston Scientific the opportunity to submit an updated motion for summary judgment that is consistent with the rules of this Court, Boston Scientific respectfully requests that the Court deny the original motion for summary judgment [ECF No. 38] without prejudice and allow Boston Scientific to refile its motion for summary judgment. Boston Scientific will not use this opportunity to raise new arguments that it could have raised in the MDL but instead makes this request only so it can file a motion that conforms with Judge Moore's practice standards.

## 2. Pretrial and Trial Proceedings

Once the Motion for Summary Judgment is decided, the case will be ready for pretrial proceedings and trial. Trial will be to a jury. Although the parties are currently unable to estimate the precise number of days to try this case, in the experience of counsel, similar cases have required at least two weeks and as many as four weeks to try.

## 3. Prospects for Settlement

The parties have previously attempted to resolve this case but were unsuccessful. However, informal discussions regarding settlement continue between counsel.

Dated: October 20, 2020

*/s/ Daniel Thornburgh*
Daniel Thornburgh
**AYLSTOCK WITKIN KREIS OVERHOLTZ PLLC**
17 East Main Street Suite 200
Pensacola, FL 32502
Telephone: 850.202.1010
DThornburgh@awkolaw.com

ATTORNEYS FOR PLAINTIFF

*/s/ Heather Carson Perkins*
Heather Carson Perkins
Hannah Caroline Carter
**FAEGRE DRINKER BIDDLE & REATH LLP**
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Phone: 303-607-3500
Facsimile: 303-607-3600
heather.perkins@faegredrinker.com
hannah.carter@faegredrinker.com

ATTORNEYS FOR DEFENDANT
BOSTON SCIENTIFIC CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2020, I electronically filed the foregoing with the Clerk using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

 /s/Carol Wildt
Carol Wildt, Legal Admin. Asst.