**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02656-RM-SKC

KATRINA BAGWELL and LUKE BAGWELL,

        Plaintiffs,

vs.

BOSTON SCIENTIFIC CORPORATION,

        Defendant.

---

**DEFENDANT BOSTON SCIENTIFIC'S REPLY IN SUPPORT OF
RENEWED MOTION FOR SUMMARY JUDGMENT**

---

      In their Response, Plaintiff Katrina Bagwell ("Plaintiff") and Plaintiff Luke Bagwell ("Mr. Bagwell") (collectively, "Plaintiffs") respond to Boston Scientific's Motion for Summary Judgment [ECF Doc. Nos. 66, 62] by abandoning several claims at issue. Plaintiff withdraws her claim for breach of implied warranty of fitness for a particular purpose and effectively concedes her strict liability and negligent manufacturing claims, *see* ECF Doc No. 66 ("Opp." or "Plaintiff's Response") at 13-14, so Boston Scientific is entitled to summary judgment on those claims.

      As to her remaining claims of breach of express warranty, breach of implied warranty of merchantability, and fraudulent concealment, Plaintiff fails to create a genuine issue of material fact, and the Court should grant Summary Judgment in favor of Boston Scientific. Plaintiff either relies on evidence that is inadmissible or fails to present any evidence at all. Furthermore, Plaintiffs' personal injury, strict liability, fraudulent concealment, and loss of consortium claims

are barred by the relevant two-year statutes of limitations. Because summary judgment is warranted as to all of Plaintiff's claims, summary judgment is appropriate as to Mr. Bagwell's loss of consortium claim as well.

### RESPONSE TO PLAINTIFFS' STATEMENT OF ADDITIONAL DISPUTED FACTS

As explained in the argument section below, the majority of Plaintiffs' additional facts are immaterial to the grounds Boston Scientific has offered for its Motion for Summary Judgment. With that observation, Boston Scientific responds to Plaintiffs' Statement of Additional Disputed Facts (Opp. at 2-6) in the Moving Party's Reply to Statement of Material Facts and Supporting Evidence, "RSUMF," filed simultaneously with this Reply. Consistent with the standard for summary judgment motions, these admissions are for the purpose of this Reply only.

### ARGUMENT

I. **Plaintiff's personal injury, strict liability, fraudulent concealment, and loss of consortium claims are barred by the relevant two-year statutes of limitations.[1]**

Apart from breach of warranty claims, all product liability claims against a manufacturer are subject to a two-year statute of limitations, regardless of the legal theory under which they are brought. C.R.S. § 13-80-106(1); *see also Boyd v. A.O. Smith Harvestore Prods., Inc.*, 776 P.2d 1125, 1127 (Colo. App. 1989). Likewise, a tort action for loss of consortium not arising out of the use or operation of a motor vehicle is subject to a two-year statute of limitations. C.R.S. § 13-80-102(1)(a). Colorado follows the "discovery rule" for determining when a cause of action

---

[1] Boston Scientific concedes that Plaintiff's breach of warranty claim survives the three-year statute of limitations because Plaintiff discovered her injury in August 2010 and this case is deemed filed as of May 31, 2013. *See* RSUMF No. 8, 10. However, as discussed in Section III below, Plaintiff's breach of warranty claim still fails for lack of evidence.

accrues: "[A] cause of action for injury to [a] person . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." C.R.S. § 13-80-108(1). Thus, a claim accrues when "the plaintiff knows, or should know, in the exercise of reasonable diligence, all material facts essential to show the elements of that cause of action.'" *Miller v. Armstrong World Indus., Inc.*, 817 P.2d 111, 113 (Colo. 1991) (*quoting City of Aurora v. Bechtel Corp.*, 559 F.2d 382, 389 (10th Cir. 1979)). "Once a plaintiff has suspicion of wrongdoing, she is under a duty to attempt to find the facts… [u]ncertainty as to the full extent of the damage does not stop the accrual of a cause of action." *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 887 (10th Cir.2005); *see also Taylor v. Goldsmith*, 870 P.2d 1264, 1266 (Colo. App. 1994).

As Plaintiff notes, this case was deemed filed as of May 31, 2013, pursuant to the Pretrial Orders 47 and 53 issued by the MDL Court. *See* RSUMF No. 13-18. Plaintiff does not dispute that between November 2009 and August 2010, after the placement of the Solyx device, Plaintiff claims she began suffering from a number of severe ailments allegedly due to the implantation of the device. *See* OSUMF No. 8. In fact, Plaintiff alleges that during this time period, she began experiencing "abdominal pain; inability to lift more than 25 pounds; numbness down her right leg; urinary urgency, frequency, and retention; vaginal tenderness and pain; dyspareunia; inability to sit or squat without pain; and urinary pain and burning" as well as "severe vaginal and pelvic pain, muscle spasms, and emotional pain and suffering." *Id.* Plaintiff testified in her deposition that she did not attribute her alleged injuries to Boston Scientific until summer of 2011, the time at which she saw a TV commercial which caused her to contact attorneys regarding a lawsuit. RSUMF No. 9. For statute of limitations purposes, however, because

Plaintiff allegedly began experiencing several serious ailments between November 2009 and August 2010 after the implantation of the device, she was under a duty to attempt to find the facts at that time. *See Norris*, 397 F.3d at 887. Therefore, August 2010 is the date Plaintiff's action accrued because it is the date Plaintiff "should have known, in the exercise of reasonable diligence, the material facts essential to show her causes of action." *See* C.R.S. § 13-80-108(1).

Plaintiff's personal injury, strict liability, and fraudulent concealment claims, and her husband's loss of consortium claim, were brought on May 31, 2013, more than two years after she discovered her injury in August 2010. As such, these claims are barred by the applicable two-year statutes of limitations in Colorado.

## II.   Plaintiff's Strict Liability and Negligent Manufacturing Claims Fail for Lack of Evidence.

Even assuming for the sake of argument that Plaintiff had brought her strict liability and negligent manufacturing claims within the statute of limitation, those claims still fail as a matter of law for lack of supporting evidence.  Whether asserting strict liability or negligence, a plaintiff must prove that the subject product was defective and unreasonably dangerous. *Mile Hi Concrete, Inc. v. Matz*, 824 P.2d 198, 205 (Colo. 1992). In a response to a motion for summary judgment, the non-moving party is required to do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Conclusory allegations or unsupported speculation is insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

Plaintiff's strict liability and negligent manufacturing claims fail because she has come forward with no evidence to support a theory that the Solyx device in question deviated from its

manufacturing specifications or intended design. Instead, Plaintiff's Response explicitly concedes that Plaintiff "[does] not intend to pursue a separate claim for a 'manufacturing defect.'" Opp. at 13. And, it is unclear what evidence Plaintiff will put forth for the claims she does pursue—Plaintiff's Response merely states that she intends "to present evidence that Boston Scientific's manufacturing process and the raw materials used in the manufacture of the Solyx resulted in defects in the product… in support of Plaintiffs' negligence, failure to warn, design defect and punitive damages claims." Opp. at 14. Plaintiff thus not only concedes there is no "manufacturing defect," but also fails to put forth any evidence as to her other claims for strict liability and negligent manufacturing. Opp. at 14-15.

Because Plaintiff concedes her manufacturing defect claim and offers no evidence for either her strict liability design defect or negligent manufacturing claims, no genuine issue of material fact exists, and summary judgment should be granted in favor of Boston Scientific.

III.   **Plaintiff's Breach of Express Warranty Claim Fails because Plaintiff Does Not Identify Evidence Supporting the Warranty, Basis of the Bargain, or Breach Elements of the Claim.**

Plaintiffs' Response fails to identify evidence supporting a claim of breach of express warranty under Colorado Law.

**A.  Plaintiff Fails to Establish there was an Express Warranty.**

A seller creates an express warranty by an "affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain." C.R.S. § 4-2-313(1)(a).  To prevail on a claim for breach of express warranty, a plaintiff must plead and prove that the seller made an affirmation of fact that was part of the basis of the bargain between

the parties. *See Colorado-Ute Elec. Ass'n, Inc. v. Envirotech Corp.*, 524 F. Supp. 1152, 1156 (D. Colo. 1981).

In an effort to establish an express warranty, Plaintiff points to testimony from Plaintiff that she reviewed a brochure from Boston Scientific. *See* Opp. at 15. But reading a brochure alone does not establish a warranty. In order to succeed on a breach of express warranty claim, Plaintiff must establish that an express warranty (or "affirmation of fact or promise") existed. *See* C.R.S. § 4-2-313(1)(a).   Because Plaintiff fails to identify which statements in the brochure allegedly constituted an "affirmation of fact or promise" Plaintiff cannot establish her breach of express warranty claim.  *See* C.R.S. § 4-2-313(1)(a).

### B.  Plaintiff Fails to Establish Boston Scientific's Brochure was the "Basis of the Bargain."

Even assuming that Plaintiff had identified an "affirmation of fact or promise" made by Boston Scientific within its brochure, Plaintiff provides no evidence that any such alleged promises became the basis of the bargain, as required by Colorado law. *See* Opp. at 15. Plaintiff points to her deposition testimony that she read the brochure and that she understood the Solyx would "fix what was going on...with my leakage. And Dr. Cowles felt very confident and this. When I read it, I felt very confident about this. My husband read it, he felt very confident about this. That's why I went through with the procedure." *Id*. But having confidence in a product based on a brochure does not establish that any particular promise or affirmation of fact in the brochure was the basis of the bargain to purchase the product. *See* C.R.S. § 4-2-313(1)(a). Indeed, Plaintiff also testifies to relying on and having "confidence" in *her doctor's ability* to identify and pursue a treatment plan on Plaintiff's behalf. RSUMF No. 22. Plaintiff does not explain how any particular

affirmation or warranty from Boston Scientific became the basis of the bargain for her to choose the Solyx. *See* C.R.S. § 4-2-313.

### C.  Plaintiff Fails to Establish Breach.

Even assuming Plaintiff had identified statements that were express warranties that became the basis of the bargain, Plaintiff's breach of warranty claim fails because she cannot establish a breach. In fact, nowhere in her Response does Plaintiff attempt to establish evidence of a breach. *See* Opp. 14-15. Without the element of breach, Plaintiff cannot succeed on a breach of express warranty claim, *see* C.R.S. § 4-2-313, and thus summary judgment should be granted in Boston Scientific's favor.

### IV.    Plaintiff's Breach of Implied Warranty of Merchantability Claim Fails.

To succeed on a claim for breach of implied warranty of merchantability, a plaintiff must prove: (1) a sale of goods, (2) by a merchant of those goods, and (3) the goods were not of merchantable quality. *See* C.R.S. § 4-2-314. For goods to be "merchantable," they must be "fit for the ordinary purposes for which [they] are used," be "adequately contained, packaged, and labeled as the agreement may require," or "conform to the promises or affirmations of fact made on the container or label[,] if any." *Id.* at (2)(c), (e)-(f). Additionally, Colorado law "requires proof of a defect…in cases alleging…breach of warranty of merchantability." *Hauck v. Michelin N. Am., Inc.*, 343 F. Supp. 2d 976, 987 (D. Colo. 2004) (*citing Prutch v. Ford Motor Co.*, 618 P.2d 657, 660 (Colo.1980).

To support her assertion that the Breach of Implied Warranty of Merchantability claim should go to a jury, Plaintiff relies solely on the report of Dr. Bruce Rosenzweig. *See* Opp. at 16-17. But the opinions from Dr. Rosenzweig on which Plaintiff relies should be inadmissible here.

*See* Fed. R. Civ. P. 56(c)(4) (requiring materials submitted in opposition to summary judgment motion must set out "facts that would be admissible in evidence"). In the MDL proceedings, Judge Goodwin issued an Order excluding Dr. Rosenzweig's opinions regarding Boston Scientific's knowledge or state of mind, product testing, the alleged link between cancer and polypropylene mesh, and the material safety data sheet ("MSDS"). *See* MDL ECF 6039. When this case was transferred from the MDL, Plaintiff and Boston Scientific jointly designated the Order from Judge Goodwin excluding much of Dr. Rosenzweig's report. *See* Doc. No. 42, Designation of Record (jointly designating upon transfer from the MDL Judge Goodwin's Memo Opinion and Order re Daubert Motion Rosenzweig). Because the Parties jointly designated Judge Goodwin's Order, the Court should not permit evidence of Dr. Rosenzweig's opinions on those topics.[2]

But Plaintiff relies on just such excluded opinions by Dr. Rosenzweig for evidence to support her claim that Boston Scientific breached the implied warranty of merchantability. Plaintiff cites to Dr. Rosenzweig's opinion that Boston Scientific "chose not to warn physicians that BSC does not know if the devices are safe or effective for human use because BSC decided not to verify whether the devices were safe and effective for human use in an RCT." Opp. at 16. This is exactly the evidence concerning product testing[3] that Judge Goodwin excluded in the ruling that the parties here have incorporated by reference. Additionally, Dr. Rosenzweig's opinion that "Boston Scientific utilized Marlex polypropylene resin in its Solyx device that was not intended for use as a permanent implant in the human body" and that there is a "possibility of" complications as a result of the resin is inadmissible. *See* Opp. at 16. Judge Goodwin's Order explicitly excludes the

---

[2] Judge Goodwin's Order (MDL ECF 6039) was issued by the MDL Court in an earlier Wave of the MDL and has yet to be adopted for this Wave. Forthcoming is an Amended Status Report from Boston Scientific addressing this issue.
[3] "RCT" refers to randomized controlled trials.

use of Dr. Rosenzweig's opinions related to Boston Scientific's investigation into the caution statement in the MSDS, a document created by the manufacturer of the polypropylene resin, because it enters a subject matter on which Dr. Rosenzweig is not qualified to testify. *See* Goodwin Order, MDL ECF 6039, p.6.

To the extent Plaintiff attempts to use Dr. Rosenzweig's report to support a theory of product defect, Plaintiff fails on that front as well. *See* Opp. at 16-17; *Hauck*, 343 F. Supp. at 987 (requiring Plaintiff to show proof of a defect to succeed on a breach of warranty of merchantability claim). As outlined in Section II above, Plaintiff fails to present any evidence that the Solyx was defective. And, Plaintiff's reliance on Dr. Rosenzweig's opinion that "Boston Scientific products are deficient" does not prove that the Solyx deviated from its manufacturing specifications or intended design, as required to show defect. Opp. at 16-17; *see Mile Hi Concrete, Inc. v. Matz*, 824 P.2d 198, 205 (Colo. 1992); *Camacho v. Honda Motor Co. Ltd.*, 741 P.2d 1240, 1247 (Colo. 1987). As such, Plaintiff's breach of implied warranty of merchantability claim also fails on this basis.

In sum, Plaintiff's claim fails because she does not present any admissible evidence to suggest the Solyx was not fit to treat her stress urinary incontinence, or that it failed to do so. In addition, there is no evidence that the Solyx implanted in Plaintiff was not packaged appropriately for use prior to her procedure. Further, she has not alleged that her Solyx did not conform to the affirmations of fact that were provided on its container or label and presents no evidence that the product is defective. Because Plaintiff presents no admissible evidence to support a finding that Boston Scientific breached the implied warranty of merchantability, this claim fails.

**V.    Plaintiff's Independent Claim for Fraudulent Concealment Fails.**

Plaintiff's Short Form Complaint and the Master Long Form Complaint demonstrate that the fraudulent concealment allegations are meant *only* to defeat a statute of limitations defense and do not constitute a standalone claim for fraudulent concealment. *See* MSUMF No. 1[4] (SFC at ¶ 13)  ("Count VIII – Discovery Rule, Tolling and Fraudulent Concealment"); MSUMF No. 1, Master Complaint at ¶¶ 88-926; *see also Mubita v. Boston Scientific Corp.*, No. 2:13-cv-11955, 2015 WL 5838515, at *5 (S.D.W. Va. Oct. 5, 2015) (granting summary judgment to Boston Scientific on fraudulent concealment claim where pleadings revealed claim was asserted only as "a safeguard to toll the statute of limitations"); *Kilgore v. Boston Scientific Corp.*, No. 2:13-cv-09171, 2015 WL 5838513, at *6 (S.D.W. Va. Oct. 5, 2015) (same). Nor does the Master Complaint allege fraudulent concealment independent of the statute of limitations.

Nevertheless, Plaintiff in her Response argues that Plaintiff's claim for fraudulent concealment was meant to plead a "standalone" claim for fraudulent concealment. Opp. at 17. Plaintiff's attempt to raise a new claim in her Response to Boston Scientific's Motion for Summary Judgment is improper. *See* Fed.R.Civ.P. 8 (setting forth requirements for a claim for relief); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir.2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted.").

---

[4] Boston Scientific's Motion for Summary Judgment incorrectly cites to "MSUMF No. 13" for this proposition. *See* Doc. No. 62, Sec. IV, pg. 13. The correct citation is to Plaintiff's MSUMF No. 1, Short Form Complaint, "SFC" at ¶ 13, as stated in this Reply.

Even assuming Plaintiff had appropriately alleged such a claim in her Complaint, she presents no evidence to support it. The elements of a fraudulent concealment claim in Colorado include:

> (1) the concealment of a material existing fact that in equity and good conscience should be disclosed; (2) knowledge on the part of the party against whom the claim is asserted that such a fact is being concealed; (3) ignorance of that fact on the part of the one from whom the fact is concealed; (4) the intention that the concealment be acted upon; and (5) action on the concealment resulting in damages.

*BP America Production Co. v. Patterson*, 263 P.3d 103, 109 (Colo. 2011) (*citing First Interstate Bank of Fort Collins, N.A. v. Piper Aircraft Corp.*, 744 P.2d 1197, 1200 (Colo. 1987)).

In support of her new standalone claim, Plaintiff's Response relies almost exclusively on Dr. Rosenzweig's testimony as evidence.  As discussed in Section IV above, because the Parties jointly designated Judge Goodwin's Order upon transfer to the District of Colorado, the Court should not permit evidence of Dr. Rosenzweig's opinions on the topics excluded by the Order, including: testimony of Dr. Rosenzweig's opinions regarding Boston Scientific's knowledge or state of mind, product testing, the alleged link between cancer and polypropylene mesh, and the material safety data sheet ("MSDS"). *See* ECF 6039. Here, to support her standalone claim of fraudulent concealment, Plaintiff relies on Dr. Rosenzweig's opinion that Boston Scientific engaged in a "sophisticated scheme to fraudulently conceal" information and that it "was aware of but concealed" "serious risks and design defects," and "that it did not conduct any clinical trials on…Solyx…prior to marketing [it] as a permanent medical implant in women." Opp. at 17-18. Dr. Rosenzweig's opinions on Boston Scientific's knowledge or state of mind as well as Boston Scientific's product testing are excluded by Judge Goodwin's Order. As such, Plaintiff cannot reply on this evidence to support her claim.

Plaintiff's Response also cites to Plaintiff's own testimony regarding her reliance on Boston Scientific's brochure. Opp. at 18. However, even assuming that Plaintiff relied on Boston Scientific's brochure, she puts forward no evidence of Boston Scientific's knowledge of the alleged facts being concealed, which is an essential element of this claim. As such, Plaintiff's claim must fail.

To the extent Ms. Bagwell does intend to pursue fraudulent concealment as a standalone claim, summary judgment should be entered in favor of Boston Scientific.

## VI.    Mr. Bagwell's Consortium Claim Fails.

Plaintiff concedes that Mr. Bagwell's loss of consortium claim is derivative in nature. Because Boston Scientific is entitled to summary judgment on Plaintiff's substantive claims, the Court should also grant summary judgment of Mr. Bagwell's loss of consortium claim.

## <u>CONCLUSION</u>

Accordingly, for all the reasons stated herein and in Boston Scientific's Motion for Summary Judgment, the Court should grant Boston Scientific's Motion because Plaintiff concedes or effectively concedes her claims for breach of implied warranty of fitness for a particular purpose, strict liability claim, and negligent manufacturing claim and Plaintiff fails to create a genuine issue of material fact to support claims of breach of express warranty, breach of implied warranty of merchantability, and fraudulent concealment. As such, the Court should grant Summary Judgment in favor of Boston Scientific.

Dated:  December 3, 2020

FAEGRE DRINKER BIDDLE & REATH LLP

/s/ *Heather Carson Perkins*

Heather Carson Perkins
Hannah Caroline Carter
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Phone: 303-607-3500
Facsimile: 303-607-3600
heather.perkins@faegredrinker.com
hannah.carter@faegredrinker.com
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2020, I electronically filed the foregoing with the Clerk using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

*/s/Carol Wildt*
Carol Wildt, Legal Administrative Assistant

US.130241499.05

14