IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02656-RM-SKC

KATRINA BAGWELL and LUKE BAGWELL,

    Plaintiffs,

vs.

BOSTON SCIENTIFIC CORPORATION,

    Defendant.

---

**DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**

---

| | Moving Party's Statement of Undisputed Material Facts ("MSUMF") and Supporting Evidence[1] | Opposing Party's Response and Additional Facts and Supporting Evidence ("OSUMF")[2] | Moving Party's Reply and Supporting Evidence ("RSUMF") |
|---|---|---|---|
| 1. | Plaintiffs Katrina Bagwell ("Ms. Bagwell") and Luke Bagwell (collectively, "Plaintiffs") are citizens and residents of the State of Colorado. Short Form Complaint ("SFC") (ECF Doc. 1) at ¶ 4; Plaintiffs' Fact Sheet ("PFS") at ¶ I.4.<br><br>A true and correct copy of Plaintiffs' SFC is attached as **Exhibit A**. A true and correct copy of Plaintiffs' PFS is attached as **Exhibit B**. | Undisputed. | N/A |
| 2. | On November 18, 2009, Ms. Bagwell underwent a Solyx Single Incision Sling System ("Solyx") procedure performed by Dr. Cheryl Cowles at Exempla Lutheran Health System in Wheatridge, Colorado. SFC at ¶¶ 8, 10-12; PFS at ¶ II.1. | Undisputed. | N/A |

---

[1] This column is cited as "MSUMF" in Plaintiff's Response to the Motion for Summary Judgment.

[2] This column is cited as "OSUMF" in Plaintiff's Response to the Motion for Summary Judgment.

| 3. | The Solyx was implanted to treat Ms. Bagwell's stress urinary incontinence. PFS at ¶¶ II.1-2. | Undisputed. | N/A |
|---|---|---|---|
| 4. | The Solyx is a medical device implanted during surgery by a physician and is available by prescription only. See Solyx Directions for Use ("DFU") at p. 3.<br><br>A true and correct copy of the DFU for the Solyx device is attached as **Exhibit C.** | Undisputed. | N/A |
| 5. | The Solyx device was cleared by the Food and Drug Administration in August 2008. See FDA Clearance Letter.<br><br>A true and correct copy of the Boston Scientific Solyx sling FDA 510k Clearance Letter is attached as **Exhibit D**. | Undisputed. | N/A |
| 6. | Ms. Bagwell alleges she has suffered pain, infection, urinary retention, painful intercourse, among other ailments, as a result of the implantation of the Solyx. PFS at ¶ II.6.a. | Undisputed. | N/A |

3

| | | | |
|---|---|---|---|
| 7. | Plaintiff began experiencing issues related to the Solyx in the year following her placement surgery. K. Bagwell Dep. 129:20-130:2 (attached as **Exhibit E**); PFS at ¶¶ II.6.a-d. | Undisputed. | N/A |
| 8. | Between placement of the Solyx in November 2009 and August 2010, Ms. Bagwell experienced abdominal pain; inability to lift more than 25 pounds; numbness down her right leg; urinary urgency, frequency, and retention; vaginal tenderness and pain; dyspareunia; inability to sit or squat without pain; and urinary pain and burning. PFS at ¶¶ II.6.a- d. | Undisputed.<br><br>In addition to the symptoms listed in MSUMF 6 and 8, Ms. Bagwell has also experienced severe vaginal and pelvic pain, muscle spasms, and emotional pain and suffering since her mesh implant procedure.<br><br>PFS (12/3/2018) (attached as Exhibit 1) at ¶¶ 2.5.b; 2.6.a. | Undisputed. |
| 9. | Ms. Bagwell attributed her alleged injuries to the Solyx device in the Summer of 2011. K. Bagwell Dep. 131:3132:8. | Undisputed.<br><br>See also K. Bagwell Dep. (attached as Exhibit 2) at 75:9-20; 76: 8-10. | Undisputed that Ms. Bagwell testified in her Deposition to seeing a TV commercial that alerted her to the possibility of bringing forth a lawsuit against Boston Scientific and prompted her to contact an attorney. K. Bagwell Dep. (attached as Exhibit 2) at 75:9-25; 76: 1-10. |

4

| 10. | Plaintiffs directly filed this product liability action against Boston Scientific in MDL No. 2326 on October 8, 2013. See SFC. They identified the United States District Court for the District of Colorado as the proper venue for this action absent direct filing. SFC at ¶ 5. | Disputed as misleading. Plaintiff did directly file this action in the MDL on October 8, 2013, and identified the District of Colorado as the proper venue, as set forth in MSUMF 10. However, the case was <u>deemed filed as of May 31, 2013</u> pursuant to Pretrial Orders 47 and 53 issued by the MDL Court. See also OSUMF Nos. 13-21.<br><br>PTO 47 (attached as Exhibit 3).<br>PTO 53 (attached as Exhibit 4).<br>True and correct copy of an email dated May 31, 2013, and attachments to that email, from Elizabeth Huffstetler to bcswaiversmesh@shb.com with the subject "Boston Scientific Service of Complaints pursuant to PTO 47" (attached as Exhibit 5).<br>True and Correct Copy of Short Form Complaint (attached as Exhibit 6).<br>True and Correct Copy of Plaintiffs' Notice of Service Under Delayed Filing Agreement (attached as Exhibit 7).<br>Docket Report, S.D.W.V. 2:13-cv-24772 (attached as Exhibit 8), Doc. No. 1 Short Form Complaint filed October 8, 2013. Doc. No. 1, | Undisputed that the case was deemed filed as of May 31, 2013. |

5

|  |  | Attachment 2, Notice of Service Under Delayed Filing Agreement, filed October 8, 2013. |  |
|---|---|---|---|
| 11. | Ms. Bagwell asserts claims for negligence, strict liability (design defect, manufacturing defect, and failure to warn), breach of express warranty, breach of implied warranty, and fraudulent concealment.<br>SFC at ¶ 13. | Undisputed that these claims were asserted in the Complaint. However, pursuant to the MDL Court's rulings, Plaintiffs do not intend to pursue a separate claim for manufacturing defect as such a claim was construed by the MDL Court.<br><br>Brief in Opposition to Renewed MSJ at Argument, Section II (pages 13-14). | Undisputed. |
| 12. | Plaintiff's husband, Luke Bagwell, also asserts a claim for loss of consortium.<br>SFC at ¶ 13. | Undisputed. | N/A |

| | | | |
|---|---|---|---|
| 13. | | The MDL Court entered Pretrial Order 47 (dated May 29, 2013), memorializing an Agreement reached by the parties with regard to service, delayed filing of complaints, and the application to the statute of limitations, and later PTO 53, dated August 29, 2013, making minor amendments to PTO 47.<br><br>PTO 47 (Caption (p. 1) reads "Stipulated and Agreed Order Regarding Delayed Filing and Application to the Statute of Limitations"; Agreement Sect. 1 (p.2) contains the meat of the agreement).<br>PTO 53 (the introduction (p.1) explains the Court's reasons for amending PTO 47; the Court formatted the amendments in bold throughout the Order). | Undisputed. |

| | | | |
|---|---|---|---|
| 14. | | PTO 47 and PTO 53 provided, in pertinent part: "Claimants and Defendants agree that from the Effective Date of this Agreement until and including October 1, 2013, all new complaints (1) effectively served, or (2) forwarded to Defendants pursuant to the Pre-Trial Orders applicable in each MDL Proceeding for waivers of service (hereinafter "the date of service") <u>shall be deemed filed as of that date</u>. No further filing in the court is necessary during that period of time. During that period of time, the date of service shall be treated as the <u>date of filing for the claims specifically asserted in the complaint with regard to the application of any statute of limitations, statutes of repose, or any other laws</u>, <u>statutes or codes of any jurisdiction</u> anywhere that define, limit, proscribe and/or <u>restrict the time period within which a lawsuit, claim and/or proceeding may be commenced</u>." (emphasis added)<br><br>PTO 47, Agreement Sect. A (p. 2) and PTO 53, Agreement Sect. A (pp. 2-3). | Undisputed. |

| 15. | | The Effective Date of the Agreement is May 15, 2013.<br><br>PTO 47, Definitions, Sect. E (p. 2) and PTO 53, Definitions, Sect. E (p. 2). | Undisputed. |
|---|---|---|---|
| 16. | | Plaintiffs served their Short Form Complaint to Boston Scientific on May 31, 2013, within the May 15-October 1, 2013 Effective Period of the Agreement.<br><br>PTO 47, Definitions Sect. E (p. 2) and Agreement Sect. A (p. 2).<br>PTO 53, Definitions Sect. E (p. 2) and Agreement Sect. A (pp. 2-3)<br>True and correct copy of an email dated May 31, 2013, and attachments to that email, from Elizabeth Huffstetler to bcswaiversmesh@shb.com with the subject "Boston Scientific Service of Complaints pursuant to PTO 47". | Undisputed. |

| | | | |
|---|---|---|---|
| 17. | | PTO 53 also provided that "[t]his Agreement shall automatically terminate on October 1, 2013. Following that date, the claimants shall have until January 15, 2014 to file with the clerk any action served, but not previously filed, pursuant to the terms of this Agreement."<br><br>PTO 53, Agreement Sect. I (p. 4). | Undisputed. |
| 18. | | Pursuant to PTO 53, Plaintiffs filed their Short Form Complaint in the MDL on October 8, 2013.<br><br>MSUMF No. 10.<br>True and Correct Copy of Short Form Complaint.<br>Docket Report, S.D.W.V. 2:13-cv-24772 (attached as Exhibit 8), Doc. No. 1 Short Form Complaint filed October 8, 2013. | Undisputed. |
| 19. | | PTO 53 provided that: "At the time for filing, a plaintiff must also file a Notice of Service under Delayed Filing Agreement which reflects the date the complaint was served or forwarded to defendant(s)…."<br><br>PTO 53, Agreement Sect. J (p. 4). | Undisputed. |

10

| | | | |
|---|---|---|---|
| 20. | | Pursuant to PTO 53, when they filed the Short Form Complaint on October 8, 2013, Plaintiffs properly filed a Notice of Service Under Delayed Filing Agreement reflecting service on Boston Scientific on May 31, 2013<br><br>PTO 53, Agreement Section J (p. 4).<br>True and Correct Copy of Plaintiffs' Notice of Service Under Delayed Filing Agreement.<br>Docket Report, S.D.W.V. 2:13-cv-24772, Doc. No. 1, Short Form Complaint, and Doc. No. 1, Attachment 2, Notice of Service Under Delayed Filing Agreement, filed October 8, 2013. | Undisputed. |

| 21. | | Pursuant to PTO 47 and 53, Plaintiffs' Complaint is deemed filed as of May 31, 2013.<br><br>PTO 47, Agreement Section A (p. 2).<br>PTO 53, Agreement Section A (p. 2-3).<br>True and correct copy of an email dated May 31, 2013, and attachments to that email, from Elizabeth Huffstetler to bcswaiversmesh@shb.com with the subject "Boston Scientific Service of Complaints pursuant to PTO 47."<br>True and Correct Copy of Short Form Complaint.<br>True and Correct Copy of Plaintiffs' Notice of Service Under Delayed Filing Agreement.<br>Docket Report, S.D.W.V. 2:13-cv-24772, Doc. No. 1, Short Form Complaint, and Doc. No. 1, Attachment 2, Notice of Service Under Delayed Filing Agreement, filed October 8, 2013. | Undisputed. |
|---|---|---|---|

| 22. | | Ms. Bagwell received, reviewed, and relied upon a Boston Scientific brochure for mesh, prior to her Solyx procedure, which made her feel confident that Solyx was safe and effective. When questioned about the brochure during her deposition, Ms. Bagwell testified:<br>  "My understanding of [the brochure] when I received it was very good. It was going to fix what was going on...with my leakage. And Dr. Cowles felt very confident and this. When I read it, I felt very confident about this. My husband read it, he felt very confident about this. That's why I went through with the procedure." K. Bagwell Dep. at 115:24-116:7.<br><br>PFS ¶ 2.3.a-c.<br>K. Bagwell Dep. 29:8-30:1; 33:1-16; 110:14-25; 113:17-20; 115:24-116:7; 118:4-8.<br>Boston Scientific Brochure (attached as Exhibit 9). | Undisputed to the extent Plaintiff's deposition is quoted.<br><br>Misleading to the extent that Plaintiff's "confidence" to proceed with the Solyx came exclusively from Boston Scientific's brochure.<br><br>Plaintiff testified that she relied on her doctor to choose the best treatment option and that she "felt very confident in [her doctor] because she was recommended by many doctors…[s]o [Plaintiff] felt very confident in her care plan …that she proposed." K. Bagwell Dep. 112:12-21. |

| | | | |
|---|---|---|---|
| 23. | | In deciding whether to undergo the Solyx procedure, Ms. Bagwell received, reviewed, and relied upon a Boston Scientific brochure which did not disclose the serious risks associated with Boston Scientific's slings, including the Solyx.<br><br>K. Bagwell Dep. at 115:24-116:7.<br>Boston Scientific Brochure | Undisputed that Plaintiff testified that she reviewed a Boston Scientific Brochure prior to her procure which made her feel "confident" in the procedure. However, the citation to Ms. Bagwell's deposition provided by Plaintiffs does not cite to testimony where Plaintiff discusses whether "serious risks" about the product were disclosed in the brochure. Plaintiffs' use of the term "serious risks" is therefore vague in that it is unclear how the evidence they cite supports their proposition. |
| 24. | | Ms. Bagwell would not have agreed to have the Solyx implanted had she known that it could alter her life by causing: 1) permanent chronic vaginal/pelvic pain; 2) permanent dyspareunia; 3) painful sitting; and 4) the potential need for additional surgical procedures to treat complications from the device.<br><br>K. Bagwell Dep. at 136:17-137:7; 137:8-11; 137:25-138:13. | Undisputed. |

| 25. | | Ms. Bagwell's pain is so severe following mesh implant surgery that she had to stand or lay down on a zero-gravity recliner during the entirety of her deposition.<br><br>K. Bagwell Dep. 23:5-9, 23:16-20; 99:16-23; 144:21-25; 59:19-60:1. | Undisputed. |
|---|---|---|---|
| 26. | | Ms. Bagwell has undergone two surgeries, performed by Dr. Brian Flynn on April 10, 2014 and September 18, 2014, to remove portions of the Solyx.<br><br>PFS (12/3/2018) at ¶ 2.5.a.<br>K. Bagwell Dep. 140:19-141:3. | Undisputed. |
| 27. | | Ms. Bagwell continues to receive pelvic floor physical therapy and was granted disability benefits due to her severe mesh related complications.<br><br>K. Bagwell Dep. 39:4-7; 39:14-19; 60:23-61:15. | Undisputed. |

| 28. | | Boston Scientific utilized Marlex polypropylene mesh that "creates a chronic foreign body reaction which lead to severe complications in patients, including the possibility of multiple erosions that can occur through one's lifetime, chronic and debilitating pelvic pain, recurrence, worsening incontinence, dyspareunia that can be chronic, wound infection, rejection of the mesh, sexual dysfunction, urinary and defecatory dysfunction, vaginal scarring, would healing problems, injury to ureters, bladder and urethra, pelvic abscess formation, risk of infection and/or the need for additional surgeries, among others. <u>As a result, the polypropylene in the BSC Mesh Products is not suitable for its intended application as a permanent prosthetic implant for stress urinary incontinence in women</u>."<br><br>Rosenzweig Report at pp. 22-28 (emphasis added); see also Rosenzweig report at 31, 33 (attached as Exhibit 10). | Undisputed to the extent that Dr. Rosenzweig's report is quoted. However, as explained in Boston Scientific's Reply, the fact is immaterial. *See* Boston Scientific's Reply at 8-9. |

16

| | | | |
|---|---|---|---|
| 29. | | Boston Scientific "did not conduct any clinical trials on…Solyx…prior to marketing [it] as a permanent medical implant in women." Rosenzweig Report at 35; see also Rosensweig Report at 36-42, 46, 51-61.<br><br>Boston Scientific "chose not to warn physicians that BSC does not know if the devices are safe or effective for human use because BSC decided not to verify whether the devices were safe and effective for human use in an RCT." Rosenzeig Report at 51-53.<br><br>Rosenzweig Report at 35; 36-42; 46; 51-61. | Any dispute is immaterial to the pending motion. Dr. Rosenzweig's opinions regarding Boston Scientific's knowledge or state of mind, testing, and the MSDS are inadmissible pursuant to Judge Goodwin's Order. *See* Boston Scientific's Reply at 7-8. |
| 30. | | Boston Scientific knew that its polypropylene Marlex resin used in the Solyx device should not have been used "in medical applications involving permanent implantation in the human body"<br><br>Rosenzweig Report at pp. 22-28. | Any dispute is immaterial to the pending motion. Dr. Rosenzweig's opinions regarding Boston Scientific's knowledge or state of mind and the MSDS, are inadmissible pursuant to Judge Goodwin's Order. *See* Boston Scientific's Reply at 7-8. |

17

| | | | |
|---|---|---|---|
| 31. | | Solyx carried many serious risks and design defects Boston Scientific was aware of but concealed from healthcare providers and their patients.<br><br>Rosenzweig Report at 36-42, 46, 51-61. | Any dispute is immaterial to the pending motion. Dr. Rosenzweig's opinions regarding Boston Scientific's knowledge or state of mind are inadmissible pursuant to Judge Goodwin's Order. *See* Boston Scientific's Reply at 7-8. |
| 32. | | Boston Scientific concealed from the resin supplier, healthcare providers, and patients the fact that the mesh used in Solyx was not intended for use in medical applications involving permanent implantation in the human body.<br><br>Rosenzweig Report at 22-28. | Any dispute is immaterial to the pending motion. Dr. Rosenzweig's opinions regarding the MSDS are inadmissible pursuant to Judge Goodwin's Order. *See* Boston Scientific's Reply at 7-8. |

Dated:  December 3, 2020

FAEGRE DRINKER BIDDLE & REATH LLP


/s/ *Heather Carson Perkins*
Heather Carson Perkins
Hannah Caroline Carter
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Phone: 303-607-3500
Facsimile: 303-607-3600
heather.perkins@faegredrinker.com
hannah.carter@faegredrinker.com
***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that December 3, 2020, I electronically filed the foregoing with the Clerk using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this case.

 <u>/s/Carol Wildt</u><br>
Carol Wildt, Legal Administrative Assistant