# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02656-RM-SKC

KATRINA BAGWELL and LUKE BAGWELL,

        Plaintiffs,

vs.

BOSTON SCIENTIFIC CORPORATION,

        Defendant.

**PRELIMINARY WITNESS LIST OF DEFENDANT BOSTON SCIENTIFIC CORPORATION**

      The final list of witnesses that Defendant Boston Scientific Corporation ("Boston Scientific") will present at trial is dependent on several factors, including (a) the witnesses that Plaintiffs present during their case-in-chief, (b) the Court's ruling on motions, and (c) the trial schedule and availability of Boston Scientific's witnesses. Boston Scientific also reserves the right to call any witness listed by Plaintiffs and to supplement this witness list up to and at the time of trial. Subject to those considerations, Boston Scientific identifies the following witnesses:

    1.    Defendant Boston Scientific **will** call the following non-expert witnesses to appear in person at trial:  None at this time.

    2.    Defendant Boston Scientific **may** call the following non-expert witnesses to appear *in person* at trial:

    a.    **Dr. Cheryl L. Cowles**, Implanting Physician. Kenya (Address Unknown). Dr. Cowles would testify regarding Ms. Bagwell's condition prior to, during, and after her implant surgery.

    b.    **James Goddard**, Research and Development Manager for Urology and Women's Health at Boston Scientific. c/o Faegre Drinker Biddle & Reath, 1144 15th Street, Suite 3400, Denver CO 80202. Mr. Goddard is expected to testify consistent with

his depositions in the MDL case. More specifically, Mr. Goddard will testify regarding Boston Scientific's research and development of its transvaginal mesh products and specifically the Solyx product at issue in this matter. Mr. Goddard will also testify regarding internal procedures, processes, and controls during the concepting, development, verification, validation, and review phases for its transvaginal mesh products used to treat stress urinary incontinence, including the Solyx.

3. Defendant Boston Scientific **may** present testimony of the following non-expert witnesses by means of *deposition*:

a. **Dr. Brian J. Flynn**, Revising Physician. 12605 E 16th Ave, Aurora, CO 80045. Dr. Flynn would testify regarding Ms. Bagwell's condition prior to, during and after her revision surgery.

b. **James Goddard**, Research and Development Manager for Urology and Women's Health at Boston Scientific. c/o Faegre Drinker Biddle & Reath, 1144 15th Street, Suite 3400, Denver CO 80202. Mr. Goddard is expected to testify consistent with his depositions in the MDL case. More specifically, Mr. Goddard will testify regarding Boston Scientific's research and development of its transvaginal mesh products and specifically the Solyx product at issue in this matter. Mr. Goddard will also testify regarding internal procedures, processes, and controls during the concepting, development, verification, validation, and review phases for its transvaginal mesh products used to treat stress urinary incontinence, including the Solyx.

c. **Robert T. Miragliuolo**, VP of Regulatory Affairs for Endoscopy and Urology & Women's Health at Boston Scientific Corporation, c/o Faegre Drinker Biddle & Reath, 1144 15th Street, Suite 3400, Denver CO 80202. Mr. Miragliuolo is expected to testify consistent with his deposition in the MDL case. More specifically, Mr. Miragliuolo will testify as to the internal regulatory controls at Boston Scientific, the FDA regulatory process as it pertains to medical devices, and Boston Scientific's transvaginal mesh products clearance by the FDA in compliance with all applicable regulations, standards, and requirements.

d. **Doreen Rao**, Principal Engineer, Research and Development and Boston Scientific, c/o Faegre Drinker Biddle & Reath, 1144 15th Street, Suite 3400, Denver CO 80202. Ms. Rao is expected to testify consistent with her deposition in the MDL case. More specifically, Ms. Rao will testify regarding the research and development, including the physical properties testing, of the mesh used in the transvaginal mesh products used to treat stress urinary incontinence, including the Solyx.

e. **Alfred P. Intoccia, Jr.**, Former Vice-President of Research and Development, Urology and Women's Health Division, c/o Faegre Drinker Biddle & Reath, 1144 15th Street, Suite 3400, Denver CO 80202. Mr. Intoccia is expected to

testify consistent with his deposition in the MDL case. More specifically, Mr. Intoccia will testify regarding the research and development process of the transvaginal mesh products used to treat stress urinary incontinence, including the Solyx.

f.     **Maya Matusovsky,** Group Marketing Manager, Boston Scientific c/o Faegre Drinker Biddle & Reath, 1144 15th Street, Suite 3400, Denver CO 80202.  Ms. Matusovsky is expected to testify consistent with her deposition in the MDL case. More specifically, Ms. Matusovsky will testify regarding Boston Scientific's marketing and commercialization of transvaginal mesh products used to treat stress urinary incontinence, including the Solyx.

g.     **Frank Zakrzewski**, corporate representative for Chevron Phillips Chemical Company. May be contacted through Scott D. Marrs of Beirne Maynard & Parsons, L.L.P.  Mr. Zakrzewski is expected to testify consistent with his deposition in the MDL case. More specifically, Mr. Zakrzewski will testify that the medical application caution was not based upon or supported by, safety concerns with vaginal mesh, scientific or medical literature, scientific testing, or data.

4.     Defendant Boston Scientific **will** call the following expert witnesses to appear in person at trial: None at this time.

5.     Defendant Boston Scientific **may** call the following expert witnesses to appear *in person* at trial:

a.     **Dr. Stephen R. Little, PhD.**, University of Pittsburgh, 450 Technology Drive, Pittsburgh, PA 15219-3130.  Dr. Little is expected to testify consistent with his expert report in this matter.  He is expected to testify regarding industry and scientific standards applicable to medical device design and development and Boston Scientific's compliance with all such standards in the design and development of its pelvic mesh device.  He is further expected to testify that there is no evidence that Boston Scientific's pelvic mesh devices are defective in terms of design. In addition, he is expected to testify regarding the long-term safety profile of polypropylene, specifically as used in materials designed for permanent implantation in the body.  Consistent with his report, he will also testify that polypropylene is biocompatible and does not oxidize, degrade or shrink *in vivo*.  Dr. Little may also respond to and/or offer rebuttal testimony concerning the opinions, testimony, and testing of Plaintiffs' experts.

b.     **Dr. Lonny Green**, Virginia Women's Center, 7515 Right Flank Road, Mechanicsville, VA 23116.  Dr. Green is expected to testify consistent with his expert report in this matter.  He is expected to testify generally regarding pelvic floor anatomy and disorders, including pelvic organ prolapse and stress urinary incontinence and that the Solyx is a safe and effective device for the treatment of stress urinary incontinence.

c. **Dr. James Rice**, MultiCare Urogynecology & Pelvic Reconstructive Surgery, 17700 SE 272nd St., Covington, WA 98042. Dr. Rice is expected to testify consistent with his expert report in this matter. He is expected to testify generally regarding pelvic floor anatomy and disorders, including pelvic organ prolapse and stress urinary incontinence and that the Solyx is a safe and effective device for the treatment of stress urinary incontinence. He is further expected to testify that no specific-causation exists to establish the Solyx device caused the injuries Ms. Bagwell alleges, and will testify regarding his review of Ms. Bagwell's medical records. Dr. Rice may also respond to and/or offer rebuttal testimony concerning the opinions, testimony, and testing of Plaintiffs' experts and treating physicians. He is further expected to testify that the Directions for Use for the Solyx device are reasonable and adequate.

d. **Dr. Stephen H. Spiegelberg, Ph.D**, Cambridge Polymer Group, Inc., 56 Roland Street, Suite 310, Boston, Massachusetts 02120. Dr. Spiegelberg is expected to testify consistent with his expert report in this matter. He is expected to testify regarding industry and scientific standards applicable to medical device design and development and Boston Scientific's compliance with all such standards in the design and development of its pelvic mesh device. He is further expected to testify that there is no evidence that Boston Scientific's pelvic mesh devices are defective in terms of design. In addition, he is expected to testify regarding the long-term safety profile of polypropylene, specifically as used in materials designed for permanent implantation in the body. Consistent with his report, he will also testify that polypropylene is biocompatible and does not oxidize, degrade or shrink *in vivo*. Dr. Spiegelberg may also respond to and/or offer rebuttal testimony concerning the opinions, testimony, and testing of Plaintiffs' experts.

e. **Dr. Stephen F. Badylak, Ph.D**, University of Pittsburg, McGowan Institute for Regenerative Medicine, 450 Technology Drive, Suite 300, Pittsburgh, PA 15219-3130. Dr. Badylak is expected to testify consistent with his expert report in this matter. He is expected to testify regarding the long-term safety profile of polypropylene, specifically as used in materials designed for permanent implantation in the body. Consistent with his report, he will also testify that polypropylene is biocompatible and does not oxidize, degrade or shrink *in vivo*. Dr. Badylak may also respond to and/or offer rebuttal testimony concerning the opinions, testimony, and testing of Plaintiffs' experts.

6. Defendant Boston Scientific **may** present testimony of the following expert witnesses by means of *deposition*: None at this time.

7. Any witness necessary to lay foundation for admission of or to authenticate documents.

8. Any witness identified by Plaintiff.

9. Any witness for rebuttal or impeachment or to rehabilitate a witness.